# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRANK H. HOWELL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-2069** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY** | **SECTION "L" (2)** |

## ORDER & REASONS

Before the Court is Plaintiff's Motion to Remand. R. Doc. 5. Defendant State Farm Mutual Automobile Insurance Company opposes the motion. R. Doc. 8. Having reviewed the parties' briefs and the applicable law, the Court now issues this Order & Reasons.

### I.    BACKGROUND

On March 24, 2016, Plaintiff Frank Howell filed suit in the Civil District Court for the Parish of Orleans seeking to recover damages for injuries stemming from an automobile collision in Orleans Parish, Louisiana, on March 28, 2015. Plaintiff alleges that Defendant Chauncey Parker rear-ended Plaintiff's vehicle when he stopped in traffic on the Pontchartrain Expressway. R. Doc. 1-2 at 1. Plaintiff avers that the accident was caused solely by Parker's negligence. R. Doc. 1-2 at 2. In his Petition, Plaintiff seek damages for unspecified injuries, including medical care and related expenses. R. Doc. 1-2 at 2. In accordance with Louisiana Code of Civil Procedure article 893(a), Plaintiff did not plead a specific damage amount in his Petition. Plaintiff also did not note whether the amount in controversy met, or did not meet, the amount required for federal diversity jurisdiction.

Defendant Progressive Casualty Insurance Company ("Progressive") provided liability coverage for the vehicle operated by Defendant Parker. R. Doc. 1-2 at 2. Plaintiff contends that

the Progressive liability policy fails to cover the damages he sustained as a result of the accident. R. Doc. 1-2 at 2. As such, Plaintiff filed a claim against his uninsured/uninsured motorist provider, State Farm Mutual Automobile Insurance Company ("State Farm").

After Plaintiff filed suit, Progressive scheduled Plaintiff's deposition for August 15, 2016. R. Doc. 5-1 at 1. Prior to the deposition, Plaintiff settled with Progressive, and State Farm was notified of the settlement. R. Doc. 5-1 at 2. On August 12, 2016, State Farm confirmed in writing that it knew Plaintiff had settled his claims against Progressive. R. Doc. 5-1 at 2. On September 7, 2016, Progressive filed a partial motion and order to dismiss in Orleans Parish Civil District Court; the order was signed September 14, 2016. R. Doc. 5-1 at 2. However, State Farm was not served with a copy of the order dismissing Plaintiff's claims against Parker and Progressive. R. Doc. 5-7.

In November, 2016, State Farm arranged to depose Plaintiff, but did not coordinate scheduling with Progressive. R. Doc. 5-1 at 3. The parties exchanged additional discovery in December, 2016, where Plaintiff again indicated he had settled with Progressive, but did not disclose that Packer and Progressive had been dismissed from the suit. R. Doc. 1 at 6. When State Farm took Plaintiff's deposition on February 13, 2017, it learned Parker and Progressive had been dismissed from the suit. R. Doc. 1 at 6; R. Doc. 5-1 at 3.

Invoking this Court's diversity jurisdiction, State Farm filed a Notice of Removal on March 10, 2017, asserting that this action involves a controversy between citizens of different states and the amount in controversy exceeds $75,000. R. Doc. 1 at 1. Plaintiff Howell is a Louisiana citizen, while State Farm is a foreign insurance company licensed to do business in the state. State Farm explains that this case was not initially removable, as Plaintiff's original Petition included claims against Chauncey Parker, a Louisiana citizen, and Parker's insurer,

Progressive. R. Doc. 8 at 1. However, State Farm explains that the case became removable when it received the order dismissing the claims against Parker and Progressive on March 9, 2017; State Farm then filed its Notice of Removal on March 10, 2017. R. Doc. 1.

## II. PRESENT MOTION

On April 4, 2017, Plaintiff filed the present motion to remand, arguing that Notice of Removal is untimely under 28 U.S.C. § 1446(b). R. Doc. 5-1 at 1. Defendant opposes remand, maintaining the Notice of Removal was filed within the requisite time limit. R. Doc. 8.

### A. Plaintiff's Motion to Remand (R. Doc. 5)

Plaintiff explains that in August, 2016, Defendant State Farm (herein after "Defendant") confirmed in writing that Plaintiff had settled his claims with Progressive. R. Doc. 5-3. Plaintiff's counsel sent another email confirming settlement. R. Doc. 5-4. Plaintiff explains that in November 2016, he discussed discovery issues with Defendant, and verbally confirmed Progressive was no longer a party. R. Doc. 5-1 at 2-3. Later in November, 2016, Defendant scheduled and noticed Plaintiff's deposition; but did not contact Progressive. R. Doc. 55-1 at 3. According to Plaintiff, this demonstrates that Defendant knew Progressive was no longer involved in the case, and therefore knew the case was removable in—at the very least—November, 2016. R. Doc. 5-1 at 4.

Based on the foregoing, Plaintiff avers that Defendant's Notice of Removal on March 10, 2017 was untimely, as it was filed more than thirty days after Defendant first received written notice that the case had become removable. According to Plaintiff, the removal statue should be strictly construed, with any ambiguities resolved in favor of remand. R. Doc. 5-1 at 3-4. Further, Plaintiff argues that under Fifth Circuit precedent, written communications between counsel, such as email correspondence, are sufficient to satisfy the "other paper" requirement of 28

3

U.S.C. §1446(b)(3). R. Doc. 5-1 at 4. Because Defendant had written notice of the settlement between Plaintiff and Progressive in August 2016, Plaintiff argues that the March 10, 2017 Notice of Removal was untimely, and therefore this case must be remanded. R. Doc. 5-1 at 5.

Additionally, Plaintiff argues that because there was no reasonable basis for removal, he is entitled to attorney fees. R. Doc. 5-1 at 5 (citing *Martin v. Franklin Capital Corp*., 546 U.S. 132, 141 (2005)).

### B. Defendant State Farm's Opposition (R. Doc. 8)

Defendant opposes the Motion, and argues its Notice of Removal was timely. R. Doc. 8 at 1. According to Defendant, the thirty-day time clock for timely removal did not begin to run until it received notice Progressive was dismissed from the case, not merely that Plaintiff and Progressive had reached a settlement. R. Doc. 8 at 1. Defendant argues that while it did receive written notice Plaintiff had settled with Progressive, this notice was not "unequivocally clear and certain notice" that the case had become removable, as it did not know that Progressive was no longer a party. R. Doc. 8 at 3 (citing *Drago v. Sykes*, No. 13-563, 2013 WL 3804834, at *5 (E.D. La. July 19, 2013)). Instead, Defendant contends it did not receive "clear and certain notice" the case was removable until—at the earliest—February 14, 2017, when it received the unsigned copy of Plaintiff's motion to dismiss Progressive, or when it received a signed copy of the dismissal order on March 9, 2017. R. Doc. 8 at 4-5. Thus, Defendant avers that under either date, its March 10, 2017 Notice of Removal was timely. R. Doc. 8 at 5.

### C. Plaintiff's Reply (R. Doc. 11)

Plaintiff re-urges his original argument, and argues that the removal time clock started once Defendant received any "other paper . . . from which it may be ascertained that the case is removable." R. Doc. 11 at 1 (quoting *Bosky v. Kroger Texas LP*, 288 F.3d 208, 211 (5th Cir.

4

2002)). Plaintiff contends not only did Defendant have notice that Progressive had settled in August, its subsequent actions also demonstrate it knew Progressive was no longer a party. R. 11 at 2. According to Plaintiff, when Defendant scheduled Plaintiff's deposition in November, 2016, it certified that "all counsel of record" were provided notice—yet Defendant did not notify Progressive. R. Doc. 11 at 2. Thus, Plaintiff avers that not only did Defendant know Progressive was no longer in the case, it acted in accordance with this position. R. Doc. 11 at 2-3.

### III. LAW AND ANALYSIS

#### A. Applicable Law

A defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the issue. 28 U.S.C. § 1441(a). A federal court would have original jurisdiction over cases involving complete diversity of citizenship among the parties where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

28 U.S.C. § 1446 creates two distinct thirty-day filing deadlines for a notice of removal. In *Chapman v. Powermatic, Inc.*, the Fifth Circuit held that this provision creates a two-step test to analyze the timeliness of removal. 969 F.2d 160, 161 (5th Cir. 1992). First, a court must determine if the case was removable when initially filed:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). Under *Chapman*, for a case to be removable when filed the pleading must affirmatively reveal on its face that the plaintiff seeks damages in excess of $75,000. 969 F.2d at 163 (reaffirmed by *Mumfrey v. CVS Pharmacy*, 719 F.3d 392, 400 (5th Cir. 2013)). A defendant's subjective knowledge of the amount of damages is not enough to convert a non-

removable action into a removable one. *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 494 (5th Cir. 1996).

If the action is not removable when initially filed, the court then evaluates if the case became removable at a later time. Section 1446(b)(3) provides that:

> [e]xcept as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Thus, under Section 1446(b)(3), a case is removable upon the defendant's receipt of "a copy of an amended pleading, motion, order or other paper" from which the possibility of removal may first be ascertained. To trigger the removal timer, the information contained in the "other paper" must be "unequivocally clear and certain." *Bosky v. Kroger Texas, LP*, 288 F.3d 208 (5th Cir. 2002). Under Fifth Circuit precedent, written correspondence between counsel and discovery responses are considered "other paper." *See Addo v. Global Life and Acc. Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000).

### B. Discussion

Defendant's removal in this case is only timely if: (1) the timing provision of 28 U.S.C. § 1446(b)(1) was not triggered by Plaintiff's initial pleading and (2) the timing provision of § 1446(b)(3) was triggered thirty days or fewer before the March 10, 2017 date of removal. The parties agree that Plaintiff's initial complaint did not trigger the timing provisions of § 1446(b)(1). Additionally, the parties do not dispute that the amount in controversy requirement is satisfied in this case. As such, the Court's analysis will focus on when Defendant State Farm first received "other paper" from which it could first ascertain that the case had become removable.

Under Section 1446(b)(3), the thirty-day time limit is triggered by the receipt "of a copy of an amended pleading, motion, order or other paper" which is "unequivocally clear and certain" regarding the information supporting removal. *Bosky*, 288 F.3d at 211. On August 12, 2016, Defendant confirmed in writing that Plaintiff had settled his claims with Progressive. R. Doc. 5-3. Progressive was dismissed from the case on September 14, 2016; however, notice of dismissal was not sent to Defendant at that time. R. Doc. 5-7. Thus, the question currently before the Court is: Was Plaintiff's written confirmation of settlement in August 2016 "unequivocally clear and certain" notice that the case had become removable?

The Court finds that it was not. Settlement agreements are often nuanced, and do not necessarily resolve all the claims against a particular party. As another section of this Court has recently held, notice of settlement "does not provide 'unequivocally clear and certain' notice that the case had become removable. It does not state that . . . (the only non-diverse defendant) had been dismissed." *Drago v. Sykes*, No. 13-563, 2013 WL 3804834, at *5 (E.D. La. July 19, 2013). While written confirmation of settlement put Defendant on notice that the case might become removable, such notice is insufficient to trigger the thirty-day time limit of § 1446(b)(3). The Fifth Circuit has rejected this inquiry notice, reasoning that the time limit for removal is not triggered when a defendant might have discovered a case was removable "had it exercised due diligence." *Chapman,* 969 F.2d at 163; *see also Mumfrey,* 2013 WL 2476402 at *5; *Bosky,* 288 F.3d at 211.

Thus, written notice of settlement did not put Defendant on notice that the case had become removable. In fact, if Defendant had attempted to remove the case in August 2016, when it was first notified of the settlement, it would have been unable to do so, as Progressive remained a party to the case until September 2016.

7

Plaintiff argues that Defendant knew Progressive had been dismissed as early as November 2016, when Defendant noticed a deposition to "all counsel of record," yet failed to include Progressive. While this may indeed be evidence that Defendant knew of Progressive's dismissal, such subjective knowledge is not the standard articulated in § 1446(b)(3). The Fifth Circuit has held that in determining the timeliness of removal, courts should not "inquire into what a particular defendant may or may not subjectively know." *Bosky*, 288 F.3d at 210. Instead, the Court must determine when the Defendant received "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The case became removable when Progressive was dismissed as a party, creating complete diversity. Here, Defendant received an unsigned draft of the motion to dismiss on February 14, 2017. R. Doc. 8 at 3. It received a signed copy of the order dismissing Progressive on March 9, 2017. R. Doc. 1-13. The Court does not find it necessary to determine whether receipt of the unsigned draft of a motion to dismiss was sufficient to put Defendant on notice the case was removable, thereby triggering the thirty-day time limit. Either date, February 14, 2017 or March 9, 2017, was less than thirty days prior to Defendant's March 10, 2017 notice of removal. Therefore, removal was timely, and Plaintiff's motion to remand must be denied.

## IV. CONCLUSION

For the aforementioned reasons, **IT IS ORDERED** that Plaintiff's Motion to Remand, R. Doc. 5, is hereby **DENIED**.

New Orleans, Louisiana, this 27th day of April, 2017.

_____
UNITED STATES DISTRICT JUDGE